UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ROMAN CATHOLIC ARCHDIOCESE OF INDIANAPOLIS, INDIANA,<br>    *Plaintiff*,<br><br>*vs.*<br><br>TRAVELERS INSURANCE COMPANY, and GALLAGHER BASSETT INSURANCE SERVICES, INC.<br>    *Defendants.* | )<br>)<br>)<br>)    1:12-cv-01246-JMS-DKL<br>)<br>)<br>)<br>)<br>)<br>) |

### ORDER

Presently pending before the Court is a Motion to Dismiss filed by Defendant Travelers Casualty and Surety Company, ("Travelers"), [dkt. 18], which the Court **GRANTS** for the reasons that follow.

### I.
### STANDARD OF REVIEW

The Federal Rules of Civil Procedure impose only a notice-pleading requirement for complaints. Fed. R. Civ. Pro. 8. Thus, "[s]pecific facts are not necessary; the [plaintiff] need only 'give the defendant fair notice of what the claim is and the grounds on which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007) (alteration omitted)) (per curiam). Although the requirements of notice pleading are minimal, when a plaintiff "pleads facts that show his suit is … without merit, he has pleaded himself out of court." *Tregenca v. Great American Communications Co.*, 12 F.3d 717, 718 (7th Cir. 1993). In other words, if a plaintiff pleads facts beyond what is required, and the allegations show he is not entitled to relief, his claim is subject to dismissal. *See Jefferson v. Ambroz*, 90 F.3d 1291, 1296 (7th Cir. 1996) ("[I]f a plaintiff chooses to plead particulars, and they show he

has no claim, then he is out of luck – he has pleaded himself out of court.")  (internal citation and quotation marks omitted).

## II.
### PROCEDURAL POSTURE

On September 4, 2012, Plaintiff Roman Catholic Archdiocese of Indianapolis, Inc. ("Archdiocese") filed its complaint requesting declaratory relief enforcing Travelers' coverage obligations, alleging a breach of contract by Travelers seeking $250,000 in fees and costs it incurred in defending itself against lawsuits brought by victims alleging sexual abuse ("Underlying Actions").  On October 29, 2012, Travelers moved to dismiss pursuant to Fed. Rule Civ. P. 12(b)(6), arguing that the Archdiocese failed to state a claim upon which relief could be granted.

## III.
### DISCUSSION

As stated earlier, Travelers has filed its motion for dismissal under Fed. R. Civ. P. 12(b)(6), which asks whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570).  In moving to dismiss, Travelers argues that because the Archdiocese failed to provide sufficient and timely notice to Travelers of the Underlying Actions, Archdiocese is not entitled to reimbursement of pre-tender defense fees and costs as a matter of law.  [Dkt. 18 at 1.]  In response, the Archdiocese admits that it failed to notify Travelers of the Underlying Actions until after they were resolved, but contends that it is nevertheless entitled to relief "because of the unique circumstances that hindered the Archdiocese from providing immediate notice to Travelers."  [Dkt. 27 at 1.]

Under Indiana law, it is well-established that "when a cause of action has been concluded without notice to the insuring company, the company will not subsequently be required to

disburse … expenses or fees." *Milwaukee Guardian Ins. v. Reichhart*, 479 N.E.2d 1340, 1342 (Ind. Ct. App. 1985) (internal citation omitted). Here, the specific allegations on the face of the Complaint establish that the Archdiocese is not entitled to reimbursement as it did not provide notice to Travelers before the conclusion of the Underlying Actions. As Travelers correctly points out, the Archdiocese's Complaint demonstrates that notice was not provided to Travelers until after the Underlying Actions were resolved. [*See* dkt. 1.] In its Complaint, the Archdiocese alleges that the Underlying Actions were filed as early as September 6, 2002 and resolved on June 2, 2006, when the Court granted the Archdiocese's Motions for Summary Judgment and dismissed all of the Underlying Actions on statute of limitation grounds. [*Id*.] It is undisputed that the Archdiocese did not notify Travelers of the Underlying Actions until July 30, 2007, over a year after the actions had been resolved. [*Id*.] Because Travelers does not have any obligation to the Archdiocese until it was first notified of the Underlying Actions, and all of the defense fees and costs were incurred prior to the Archdiocese's tender of notice of Travelers on July 30, 2007, Travelers is not responsible for defense fees and costs incurred prior to that time as a matter of law. *Reichart*, 479 N.E.2d at 1343.

Although the Archdiocese relies on *Shelter Mut. Ins. Co. v. Barron*, 615 N.E.2d 503, 507 (Ind. Ct. App. 1993), for the proposition that Indiana uses to a two-part test to determine whether an insurer can deny coverage based on prejudice created by an insured's delay in notice, [dkt. 27 at 4], reference to *Shelter* is misplaced. Indiana has expressly declined to apply this two-part test where the issue was reimbursement of pre-notice, pre-tender attorney fees and expenses, as is the case here. *See Dreaded, Inc. v. St. Paul Guardian Ins. Co*., 904 N.E.2d 1267, 1273 (Ind. 2009); *Travelers Ins. Companies v. Maplehurst Farms, Inc.*, 953 N.E.2d 1153, 1160 (Ind. Ct. App. 2011) ("[T]he trial court's order directing Travelers to reimburse Maplehurst for the pre-notice,

pretender costs is contrary to the fundamental holding in *Dreaded* that such costs cannot be recovered."). The Archdiocese's arguments about reasonableness and prejudice are therefore unavailing. *See id.* ("[R]egardless of the relevance that prejudice plays in the context of *post-notice* obligations, an insured is not entitled to recover *pre-notice* costs. Simply put, an insurer's duties under the policy do not arise unless and until the insurer has knowledge of the claim.") (citing *Dreaded*, 904 N.E.2d at 1273) (emphasis in original). Accordingly, the Court grants Travelers' Motion to Dismiss.

## IV.
### CONCLUSION

For the reasons stated above, the Court **GRANTS** Defendant's Motion. [Dkt. 18.] The Archdiocese's claims against Travelers are **DISMISSED WITH PREJUDICE**. Final judgment will be issued accordingly.

03/07/2013

*[signature]*
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only**:

Adam C. Cobb
MERCER BELANGER
acobb@indylegal.com

Lisa M. Dillman
LEWIS & WAGNER
ldillman@lewiswagner.com

John S. Mercer
MERCER BELANGER
jsmercer@indylegal.com

Jennifer S. Ortman
MERCER BELANGER, P.C.
jortman@indylegal.com

Wandini Riggins
LEWIS WAGNER LLP
wriggins@lewiswagner.com

Thomas E. Satrom
FROST BROWN TODD LLC
tsatrom@fbtlaw.com

John Carl Trimble
LEWIS WAGNER LLP
jtrimble@lewiswagner.com